IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSHUA T. MOXEY | * | |
| *Plaintiff,* | * | |
| v. | * | Civ. Action No.: 2:17-cv-04731 |
| JIMMY AUTO SALE LLC and JAMIL BASUF | * | BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Plaintiff, by his undersigned counsel, respectfully moves for a default judgment in favor of the Plaintiff and against Defendants, Jimmy Auto Sale LLC and Jamil Basuf, in the amount of **$10,000**. Judgment in this amount should be entered for the following reasons:

## PROCEDURAL BACKGROUND

On June 27, 2017, Plaintiff instituted this action by filing his Complaint. *See* ECF No. 1. The original complaint included two Defendants — Martha Goodwin and Jimmy Auto Sale LLC. The claim against Defendant Goodwin was dismissed without prejudice on February 12, 2018. *See* ECF No. 9.

An amended complaint was filed on March 14, 2018, with added Jamil Basf as a Defendant to this action. *See* ECF No, 11.

## SUBJECT MATTER AND PERSONAL JURISDICTION EXIST

"In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir.1996). The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 32710(b), 28 U.S.C. § 1331 and 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367. Amended Complaint, ¶ 3. ECF No. 11. This Court has personal jurisdiction over Defendant Jimmy Auto Sale LLC because it is organized under the laws of New Jersey and regularly does business in New Jersey. *Id.*, ¶ 6. This Court has personal jurisdiction overDefendant Jamil Basuf because he is an individual who resides in New Jersey. *Id.*, ¶ 8.

1

## DISCUSSION

In assessing whether the entry of default judgment is warranted, the court utilizes a three-step analysis, under which "the Court must determine (1) whether there is sufficient proof of service[;] (2) whether a sufficient cause of action was stated[;] and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11–7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

### A.   Sufficient Proof of Service

There is sufficient proof of service in this case. Defendant Jimmy Auto Sale LLC was served on July 26, 2017. See ECF No. 5 and ECF No. 13-1. Defendant Jamil Basf was served on March 22, 2018. *See* ECF No. 12. Neither Defendant has filed a response to the Complaint or Amended Complaint and the Clerk entered a default as to Jimmy Auto Sale LLC and Jamil Basuf on May 9, 2018. *See* Docket Entry dated May 10, 2018. A non-military affidavit addressing Defendant Jamil Basuf is attached as an exhibit hereto.

### B.   Default Judgment is Proper

"Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (3d Cir.2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990)).

The vehicle in question is a 2002 Subaru WRX with Vehicle Identification Number JF1GD29642G512527, herein referred to as "the subject vehicle." Amended Complaint, ¶ 8. ECF No. 11. On or about September 7, 2001, Martha J. Goodwin purchased the subject vehicle with fifteen (15) miles on its odometer from Ramsey Automotive Group in Ramsey, New Jersey, and had the vehicle titled in her name. *Id.*, ¶ 9. On or about December 17, 2011, Martha J. Goodwin presented the subject vehicle for service to Mahwah Bergen Tire Service Center with 219,177 miles on its odometer. *Id.*, ¶ 13 and Exhibit A to Amended Complaint.

On or about November 15, 2016, Martha J. Goodwin sold the subject vehicle to a person named "Jimmy" for $800.00. Jimmy represented that he was going to fix up the car and race it. Ms. Goodwin was unaware that "Jimmy" was a car dealer. *Id.*, ¶ 14. At that time, Ms. Goodwin completed the Title form and filled it out with the correct mileage which was greater than 260,000.00 miles. *Id.*, ¶ 15 and Exhibit B to Amended Complaint.

On the Odometer Disclosure Statement and Statement of Seller, or someone

2

claiming to be Martha J. Goodwin, intentionally certified that the odometer reading was 98,231 miles and that this odometer reading, to the best of their knowledge, reflected the actual mileage of the subject vehicle, and certified that the odometer was not altered, setback or disconnected while in her possession and that she had no knowledge of anyone doing so. *Id.,* ¶ 16.

Defendant Jimmy Auto Sale LLC also signed the Odometer Disclosure Statement and Statement of Seller. *Id.,* ¶ 17. Defendant Jamil "Jimmy" Basuf is one of the owners and is the registered agent of Jimmy Auto Sale LLC. *Id.,* ¶ 18. Upon information and belief, Mr. Basuf was the signatory of the Odometer Disclosure Statement and Statement of Seller which falsely stated an incorrect reading. *Id.,* ¶ 18 and Exhibit C to the Amended Complaint.

The subject vehicle was soon sold by Defendant Jimmy Auto Sale LLC, and the vehicle was subsequently owned by MSC Expeditions, Inc., of Hasbrouck Heights, New Jersey; Bridge Dealers Services, Inc., of Hasbrouck Heights, New Jersey; and Richard Turkin II of Bel Air, Maryland; before the vehicle was purchased by Plaintiff Joshua T. Moxey on or about January 13, 2017. *Id.,* ¶ 19.

When Defendant Jimmy Auto Sale LLC sold the vehicle to MSC Expeditions Inc., on or about November 15, 2016, Defendant Jimmy Auto Sale LLC stated that the odometer reading was 98,231 miles and that this odometer reading, to the best of its knowledge, reflected the actual mileage of the subject vehicle and certified that the odometer was not altered, set back or disconnected while in his possession and that it had no knowledge of anyone doing so. *Id.,* ¶ 20.

The subject vehicle was then sold to Bridge Dealer Services, Inc. and then to Richard Turkin II. On or about January 13, 2017, Plaintiff Joshua T. Moxey purchased the subject vehicle from Richard Turkin II for $5,500.00, with 99,801 miles on its odometer. *Id.,* ¶ 21,  On or about February 24, 2017, Plaintiff Joshua T. Moxey presented the subject vehicle for service to RK Subaru in Virginia Beach, Virginia with 102,004 miles on its odometer. *Id.,* ¶ 22. At this time, a service technician showed Plaintiff records from other Subaru dealers that stated that the vehicle had previously been serviced on or about July 14, 2010, with 194,974 miles on its odometer. This was the first time that Plaintiff learned that the odometer of the subject vehicle had been tampered with and that the mileage had been rolled back. *Id.*

Buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle. An accurate indication of the mileage assists buyers in deciding on the safety and reliability of the vehicle. In enacting the Federal Odometer Act, 49 U.S.C. § 32701, et seq., Congress found that buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle and made it illegal to tamper with motor vehicle odometers. The statue also provides safeguards to

protect purchasers in the sale of motor vehicles with altered or reset odometers.

Defendant Jamil Basuf is a transferor within the terms of the Federal Odometer Act. *Id.* ¶ 29. Defendant Jamil Basuf violated the Federal Odometer Act with intent to defraud. *Id.,* ¶ 28. Accepting the alleged facts as true, Defendant Jamil Basuf violated the Federal Odometer Act in one or more of the following respects:

(a) Defendant Jamil Basuf altered or caused to be altered the odometer of the subject vehicle with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);

\* \* \*

(c) Defendant Jamil Basuf in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. § 32705(a).

Defendant Jimmy Auto Sale LLC is also a transferor within the terms of the Federal Odometer Act alleged to have violated the Federal Odometer Act with intent to defraud. Amended Complaint, ¶¶ 33-34.

Accepting the alleged facts as true, Defendant Jimmy Auto Sale LLC violated the Federal Odometer Act in one or more of the following respects:

(a) Defendant Jimmy Auto Sale LLC altered or caused to be altered the odometer of the subject vehicle with the intent to change the number of miles indicated hereon in violation of 49 U.S.C. § 32703(2);

(b) Defendant Jimmy Auto Sale LLC in making written odometer disclosures to MSC Expeditions, Inc., gave false statements to a transferee in violation of 49 U.S.C. § 32705(a).

Plaintiff does not seek a judgment against the Defendants with respect to Count III, Violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.), and Count IV, Violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.).

### C. <u>A damages hearing is not necessary</u>

With respect to damages, Plaintiff seeks a judgment against each Defendant in the amount of $10,000.00, which is the minimum statutory damage that may be awarded for a violation of the statute. *See* 49 U.S.C. § 32710(a) ("A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.").

The statute also provides that the Plaintiff is entitled to an award of a reasonable attorney's fee and costs. *See* 49 U.S.C. § 32710 (b) ("The court shall award costs and a

reasonable attorney's fee to the person when a judgment is entered for that person"). For the reasons set forth in the Declaration of Ari H. Marcus, Esq. and Steven Isbister, Esq. that accompanies this motion, Plaintiff requests an award of $16,018.50 for attorneys' fees and costs of $449.00.

Thus a hearing on damages is not necessary to establish the basis for damages.

Respectfully Submitted,

Dated: August 09, 2018         */s/ Ari H. Marcus*
                               Ari Marcus, Esq.
                               MARCUS & ZELMAN, LLC
                               1500 Allaire Avenue, Suite 101
                               Ocean, New Jersey 07712
                               (732) 695-3282 telephone
                               (732) 298-6256 facsimile
                               ari@marcuszelman.com
                               *Attorneys for Plaintiff*

Of Counsel
(Motion for *pro hac vice*
admission pending)

*/s/  E. David Hoskins*
E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

*/s/ Steven B. Isbister*
Steven B. Isbister, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400

Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
stevenisbister@hoskinslaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  July 26, 2018              /s/ Ari H. Marcus
                                   Ari Marcus, Esq.